**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MATTISON MACHINE WORKS,
Respondent.**

No. 12739.

United States Court of Appeals
Seventh Circuit.

Feb. 3, 1960.

Thomas J. McDermott, Associate Gen. Counsel, George Schatzki, Atty., Stuart Rothman, Gen. Counsel, Marcel Mallet-Provost, Asst. Gen. Counsel, Melvin Pol-

lack, Atty., N.L.R.B., Washington, D. C., for petitioner.

J. Warren McCaffrey, John J. Toohey, Chicago, Ill., for respondent.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and SWYGERT, District Judge.

CASTLE, Circuit Judge.

The National Labor Relations Board, petitioner, seeks enforcement of its order issued against Mattison Machine Works, respondent, ordering the latter to cease and desist from refusing to bargain collectively with United Automobile, Aircraft & Agricultural Implement Workers of America, UAW–AFL–CIO.

The contested issues, as stated by the Board, include whether the Board acted reasonably and within its discretion in not setting aside the representation election.

Pursuant to a petition filed by the UAW–AFL–CIO seeking certification as bargaining representative of respondent's production and maintenance employees, the Board, following a hearing, issued an order on June 28, 1957, directing that an election be held. The election resulted in 157 votes for, and 141 votes against the Union; one void ballot; and 18 challenged ballots. Respondent filed objections to the election and the Board's regional director, after an investigation, issued a report on objections and challenges in which he recommended that respondent's objections be overruled; that challenges to ten ballots be overruled and challenges to eight ballots be sustained. The respondent filed with the Board "Exceptions and Objections to Regional Director's Report" with supporting affidavits. The Board, upon consideration of respondent's exceptions and objections, accepted the Regional Director's recommendations as to the objections, the ten overruled challenges, and six of the eight challenges sustained by him. Having sustained six challenges the Board concluded that the Union had received a majority of votes at the election, even assuming that the remaining challenged ballots (10 overruled and two not passed upon) had been cast against the Union, and further assuming that two employees allegedly denied an opportunity to vote would have also voted against the Union. The final tally, so computed, showed 157 ballots for the Union and 155 against.

One of respondent's contentions before the Board was that the election should be set aside because the notice of election and ballots referred to respondent as "Mattison Machine Manufacturing Company," rather than "Mattison Machine Works", respondent's correct name. Affidavits filed by respondent establish that this discrepancy and irregularity was brought to the attention of the Board's representative at a conference held for the purpose of arranging details for the election. The Board's investigation disclosed merely that its representative did not "recall" respondent having objected to the irregularity in the name set forth in the election notice and ballots.

The record discloses that 25 employees out of the 342 eligible to vote failed to vote in the election.

The Board concluded that the mistake in identifying respondent in the notice of election and on the ballot was a "nonprejudicial error" and overruled respondent's objection. The Board's disposition of the other objections resulted in sustaining the selection of the Union as representative of respondent's employees for collective bargaining by a vote of 157 to 155. It may well be that the irregularity complained of resulted in no confusion to respondent's employees but the Board and the Regional Director in disposing of the respondent's objection merely assumed that no confusion or prejudice resulted. The record is barren as to whether in investigating the conduct of the election the Board made any attempt whatsoever to determine whether or not any of the 25 employees who did not vote might have failed to do so because of the irregularity in the notices of election. It is true that respondent did not make any affirmative showing that the irregularity actually caused con-

fusion. But in view of the closeness of the election, and the confusion as to whether two employees were actually deprived of an opportunity to vote, we are not satisfied that the Board's disposition of the objection was such that it is entitled to obtain enforcement of its order. The question is, should we, under these circumstances, give the stamp of our approval to the Board's rejection of the objection as a "nonprejudicial error" when there is nothing in the record to support such a conclusion. Whether the irregularity had any effect on the election was never ascertained. We hold that the ends of justice require a new election. Under the circumstances and on the record before us the Board's petition for enforcement of its order is denied and the case remanded to the Board for further proceedings not inconsistent with this opinion.

Enforcement denied and case remanded.